Evan J. Smith
BRODSKY & SMITH
240 Mineola Boulevard
First Floor
Mineola, NY 11501
Telephone:    516.741.4977
Facsimile:     516.741.0626
esmith@brodskysmith.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEARL DUNBAR,<br><br>　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>ISOPLEXIS CORPORATION, SEAN MACKAY, JOHN G. CONLEY, JAMES R. HEATH, GREGORY P. HO, JASON MYERS, NACHUM SHAMIR, DANIEL WAGNER, and ADAM WIESCHHAUS,<br><br>　　　　　　　　Defendants. | Case No.:<br><br>**Complaint For:**<br><br>(1)  Violation of § 14 (a) of the Securities Exchange Act of 1934<br>(2)  Violation of § 20(a) of the Securities Exchange Act of 1934<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff, Dearl Dunbar ("Plaintiff"), by and through his attorneys, alleges upon information and belief, except for those allegations that pertain to him, which are alleged upon personal knowledge, as follows:

**<u>SUMMARY OF THE ACTION</u>**

1.　　　Plaintiff brings this stockholder action against IsoPlexis Corporation ("IsoPlexis" or the "Company") and the Company's Board of Directors (the "Board" or the "Individual Defendants," and collectively with the Company, the "Defendants"), for violations of Sections 14(a) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act") as a result of Defendants' efforts to merge the Company with Berkley Lights, Inc. ("Parent"), through merger

vehicle Iceland Merger Sub, Inc. ("Merger Sub" and collectively with Parent, "BLI") as a result of an unfair process, and to enjoin an upcoming stockholder vote on a proposed all stock transaction (the "Proposed Transaction").

2.      The terms of the Proposed Transaction were memorialized in a December 21, 2022, filing with the Securities and Exchange Commission ("SEC") on Form 8-K attaching the definitive Agreement and Plan of Merger (the "Merger Agreement"). Under the terms of the Merger Agreement, each existing share of IsoPlexis common stock will be exchanged for 0.612 shares of BLI.

3.      Thereafter, on January 30, 2023, BLI filed a Registration Statement on Form S4 (the "Registration Statement") with the SEC in support of the Proposed Transaction.

4.      The Proposed Transaction is unfair for a number of reasons.  Significantly, the Registration Statement fails to disclose whether a committee of disinterested directors was appointed to manage the sales process, and if so, what powers that committee had in reviewing the Proposed Transaction, including whether the committee had the ability to veto a potential transaction that was not in the best interests of shareholders.

5.      In violation of the Exchange Act, Defendants caused to be filed the materially deficient Registration Statement, preventing Plaintiff from making a fully informed decision on whether to vote in favor of the proposed transaction.  The Registration Statement is materially deficient, deprives Plaintiff of the information necessary to make an intelligent, informed and rational decision of whether to vote in favor of the Proposed Transaction, and is thus in violation of the Exchange Act.  As detailed below, the Registration Statement omits and/or misrepresents material information concerning, among other things: (a) the sales process and in particular certain conflicts of interest for management; (b) the financial projections for IsoPlexis and BLI, provided

by IsoPlexis and BLI management to the Board and the Board's financial advisor Evercore Group L.L.C. ("Evercore") as well as BLI's financial advisor, Cowen and Company LLC ("Cowen") (c) the data and inputs underlying the financial valuation analyses, if any, that purport to support the fairness opinion created by Evercore and Cowen, and provide to the Company and the Board.

6.     Absent judicial intervention, the Proposed Transaction will be consummated, resulting in irreparable injury to Plaintiff.  This action seeks to enjoin the Proposed Transaction.

## PARTIES

7.     Plaintiff is a citizen of Texas and, at all times relevant hereto, has been an IsoPlexis stockholder.

8.     Defendant IsoPlexis is a life sciences company that provides solutions for the development of curative medicines and personalized therapeutics. IsoPlexis is incorporated in Delaware and has its principal place of business at 35 NE Industrial Road, Branford, CT 06405. Shares of IsoPlexis common stock are traded on the Nasdaq Stock Exchange under the symbol "ISO".

9.     Defendant Sean Mackay ("Mackay") has been a Director of the Company at all relevant times.  In addition, Mackay is a Company Co-Founder and serves as the Company's Chief Executive Officer ("CEO").

10.     Defendant John G. Conley ("Conley") has been a director of the Company at all relevant times.  In addition, Conley serves as the Chairman of the Company Board of Directors.

11.     Defendant James R. Heath ("Heath") has been a director of the Company at all relevant times.

12.     Defendant Gregory P. Ho ("Ho") has been a director of the Company at all relevant times.

13.     Defendant Jason Myers ("Myers") has been a director of the Company at all relevant times.

14.     Defendant Nachum Shamir ("Shamir") has been a director of the Company at all relevant times.

15.     Defendant Daniel Wagner ("Wagner") has been a director of the Company at all relevant times.

16.     Defendant Adam Wieschhaus ("Wieschhaus") has been a director of the Company at all relevant times.

17.     Defendants identified in ¶¶ 9 - 16 are collectively referred to as the "Individual Defendants."

18.     Non-Party Parent is a digital cell biology company, focuses on enabling and accelerating the rapid development and commercialization of biotherapeutics and other cell-based products.  Parent is incorporated in the State of Delaware and maintains its principal place of business at 5858 Horton Street, Suite 320, Emeryville, CA 94608.

19.     Non-Party Merger Sub is a wholly owned subsidiary of Parent created to effectuate the Proposed Transaction.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.  This action is not a collusive one to confer jurisdiction on a court of the United States, which it would not otherwise have.  The Court has supplemental jurisdiction over any claims arising under state law pursuant to 28 U.S.C. § 1367.

21.     Personal jurisdiction exists over each defendant either because the defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391, because each of the Individual Defendants, as Company officers or directors, has extensive contacts within this District; for example, the Company's stock trades on the Nasdaq Stock Exchange which is headquartered in this District.

## SUBSTANTIVE ALLEGATIONS

### *Company Background*

23.     IsoPlexis is a life sciences company, and provides solutions for the development of curative medicines and personalized therapeutics in several countries worldwide. The Company offers single cell proteomics platform, including instruments, chip consumables, and software that provides an end-to-end solution to view of protein function at an individual cellular level. IsoPlexis provides products such as IsoLight and IsoSpark instruments; IsoCode chips that offer multiplexed chip solutions for single cell functional proteomics; CodePlex chips that provide multiplexed solutions for ultra-low volume bulk samples; and IsoSpeak software that offers dimensional data and automates analysis with an intuitive push button user interface to deliver same day single cell and bulk proteome visualizations, as well as research support and services, and post-warranty services.

24.     The Company's most recent performance press release, revealing performance results from the year preceding the announcement of the Proposed Transaction, indicated

impressive success.  For example, in the November 10, 2022 press release announcing its Q3 2022 Financial Results, the Company highlighted such financial successes as a 7% increase in revenue year-on-year.  In addition, this press release also highlighted continued clinical milestones as well, such as announcing a new partnership to leverage the Company's single-cell proteomics technology in a large multi-study of immune-compromised cancer patients.

25.     Speaking on the positive results, CEO Defendant Mackay said, "We have made encouraging progress this quarter as we focused on organizing our sales team and strengthening our pipeline."  Mackay continued, speaking on a bright future for the Company, noting that, "As we get closer to the launch of our new CodePlex bulk proteomics offering, we have already seen key publications and data that validate the technology and demonstrate the early impact of the platform. We continue to see strong demand for our innovative technology and remain optimistic on our long-term outlook."

26.     The sustained success and impressive results are not an anomaly, but rather, are indicative of a trend of continued future potential success by IsoPlexis.  Clearly, based upon the positive outlook, the Company is likely to have tremendous future success.

27.     Despite this upward trajectory, the Individual Defendants have caused IsoPlexis to enter into the Proposed Transaction without providing requisite information to Company stockholders such as Plaintiff.

***The Flawed Sales Process***

28.     As detailed in the Registration Statement, the process deployed by the Individual Defendants was flawed and inadequate, was conducted out of the self-interest of the Individual Defendants and was designed with only one concern in mind – to effectuate a sale of the Company by any means possible.

29.     Notably, the Registration Statement fails to disclose whether a committee of disinterested directors was formed to review the Proposed Transaction and if so, the identity of the directors who sat on said committee and what powers the committee had to evaluate the transaction, including whether the committee was empowered to veto a potential transaction not in the best interests of shareholders. On the other hand, if a committee was not formed, the Registration Statement fails to adequately disclose why a committee of disinterested directors was not formed.

30.     Additionally, the Registration Statement is silent as to the nature of the confidentiality agreement entered into between the Company and BLI, whether this agreement differed from any other agreement with potentially interested third parties not specifically mentioned by the Registration Statement, if so in all specific manners, including all specific terms of any such included "don't-ask, don't-waive" provisions or standstill provisions contained therein, including, all specific conditions, if any, under which such provisions would fall away.

31.     It is not surprising, given this background to the overall sales process, that it was conducted in an inappropriate and misleading manner.

***The Proposed Transaction***

32.     On December 21, 2022, IsoPlexis and BLI issued a joint press release announcing the Proposed Transaction.  The press release stated, in relevant part:

> **EMERYVILLE, CA and BRANFORD**, Conn., Dec. 21, 2022 (GLOBE NEWSWIRE) -- Berkeley Lights (Nasdaq: BLI), a life sciences tools company, and IsoPlexis (Nasdaq: ISO), a company empowering labs to leverage the cells and proteome changing the course of human health, today announced a definitive agreement under which Berkeley Lights will acquire IsoPlexis in an all-stock transaction valued at $57.8 million.
>
> The combined company, which will be named PhenomeX (Nasdaq: CELL), will be a premier functional cell biology company that provides live cell biology research

tools which deliver deep insights into cellular function and new perspectives on phenomes. Under the terms of the agreement, which was unanimously approved by the Boards of Directors of both companies, IsoPlexis shareholders will receive 0.612 shares of Berkeley Lights stock for each IsoPlexis share they hold. Following the close of the transaction, Berkeley Lights shareholders will own approximately 75.2 percent of the combined company, and IsoPlexis shareholders will own approximately 24.8 percent of the combined company.

"The combination of Berkeley Lights and IsoPlexis represents an important milestone and fuels our transformation into a growing, profitable, and sustainable life sciences company," said Siddhartha Kadia, Ph.D., chief executive officer of Berkeley Lights. "This transaction accelerates our progress across every core pillar of our strategic plan and creates a path to achieving positive operating cash flow earlier than we expected to as a standalone company. We look forward to joining forces with the IsoPlexis team as we embark on this next chapter and create value for our shareholders, employees, and customers."

Sean Mackay, co-founder and chief executive officer of IsoPlexis, said, "This transaction brings together two companies whose innovative solutions will help establish a technology leader in functional cell biology. The combined company will have a world-class team with complementary cultures and competencies to drive outcomes for customers and shareholders. We look forward to working together with the wonderful team at Berkeley Lights."

**Compelling Strategic and Financial Benefits**

As the combination of Berkeley Lights and IsoPlexis, PhenomeX's mission is to empower researchers to leverage the full potential of functional cell biology and shape the next wave of scientific revolution.

This transaction fully supports the five pillars of Berkeley Lights' strategic plan by:

- **Building a world-class team with a proven track record in profitably scaling life sciences tools and services companies.** The combined company will be led by Berkeley Lights' experienced Board of Directors and a proven management team that leverages the talent within both organizations. Berkeley Lights' management team is highly experienced in company integration and consolidating organizations.
  - Siddhartha Kadia will serve as CEO and a member of the combined company's Board of Directors; and
  - Sean Mackay is expected to be appointed chief product officer of the combined company and will add significant expertise to an already strong leadership team at Berkeley Lights.
- **Prioritizing R&D return on investment through increased focus and rigor on development initiatives**. The combined company will unite complementary portfolios that will extend its leadership through the functional cell biology

continuum with highly differentiated technology. It will accelerate innovation by:

- o  Focusing resources on the highest-return initiatives;
- o  Using the lower-cost IsoPlexis platform to offer enhanced functionality from Berkeley Lights' technology portfolio; and
- o  Sustaining its competitive advantage through an intellectual property estate of more than 600 issued patents.

- **Delivering consistent commercial execution through a new sales structure, enhanced product portfolio and pricing strategy**. The combination will strengthen commercial execution with an enhanced geographical footprint. This will be done through:
  - o  Diversifying the customer base, uniting Berkeley Lights' position in the biopharma segment and IsoPlexis' foothold in the academic segment;
  - o  Expanding its product portfolio offering with increased accessibility to meet customers' workflow needs;
  - o  Strengthening its global reach with a 75% increase in the size of Berkeley Lights' sales organization; and
  - o  Enhancing the focus on recurring revenue.

- **Creating a platform for further consolidation in high-growth functional cell biology tools by**:
  - o  Participating in a larger cell biology market with a wide range of tools and services through cross-selling opportunities to existing and new customers;
  - o  Enabling significant productivity through combined R&D, G&A and supply chain / manufacturing infrastructure; and
  - o  Evaluating M&A opportunities that will further accelerate profitable growth and leverage a combined cost structure.

- **Generating positive operating cash flow by 2024.** The combined company anticipates delivering cost synergies of approximately $70 million annualized by 2024, which will increase profitability and accelerate the timeline to breakeven. The new company is expected to generate positive operating cash flow at $150 million in revenue by 2024, which is earlier than Berkeley Lights was expected to achieve positive operating cash flow as a standalone company.

**Timing and Approvals**

The transaction is expected to close in the first quarter of 2023, subject to approval by shareholders of both Berkeley Lights and IsoPlexis and other customary closing conditions.

Existing shareholders of IsoPlexis representing approximately 68% of the outstanding IsoPlexis shares have agreed to vote their shares in support of the transaction. Dr. Igor Khandros, co-founder of Berkeley Lights, and entities related to him have also agreed to vote their shares representing approximately 13% of the outstanding Berkeley Lights shares in favor of the transaction.

**Advisors**

Cowen is acting as financial advisor to Berkeley Lights, and Freshfields Bruckhaus Deringer LLP is serving as legal counsel. For IsoPlexis, Evercore is serving as financial advisor, and Cravath, Swaine & Moore LLP is serving as legal counsel.

***Potential Conflicts of Interest***

33.     The breakdown of the benefits of the deal indicate that IsoPlexis insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders such as Plaintiff.  The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff as a public stockholder of IsoPlexis.

34.     Company insiders, currently own large, illiquid portions of Company stock all of which will be exchanged for the merger consideration upon the consummation of the Proposed Transaction, not shared amongst Plaintiff and other public stockholders of the Company.  While the Registration Statement provides the following it fails to provide the specific amount of Merger Consideration that these shares will be exchanged for.

| Name and address of beneficial owners | Shares Beneficially Owned as of January 23, 2023 | Percent Owned |
|---|---|---|
| **5% stockholders:** | | |
| Entities affiliated with Northpond Ventures, LP[1] | 8,808,531 | 21.86% |
| Entities affiliated with Spring Mountain Capital, LP[2] | 6,064,661 | 15.05% |
| Entities affiliated with Perceptive Advisors LLC[3] | 4,906,872 | 12.17% |
| Entities affiliated with North Sound Ventures, LP[4] | 3,644,418 | 9.04% |
| Connecticut Innovations, Incorporated[5] | 2,731,449 | 6.78% |
| Danaher Innovation Center LLC[6] | 1,976,791 | 4.90% |
| **Directors and named executive officers:** | | |
| Sean Mackay[7] | 2,491,866 | 6.18% |
| John Conley[8] | 310,905 | * |
| James Heath[9] | 327,435 | * |
| Gregory Ho[10] | 6,153,708 | 15.27% |
| Jason Myers[11] | 105,713 | * |

| | | |
|---|---|---|
| Nachum Shamir[12] | 247,095 | * |
| Daniel Wagner | — | —% |
| Adam Wieschhaus | — | —% |
| John Strahley[13] | 190,000 | * |
| Richard W. Rew II[14] | 121,800 | * |
| **All Directors and Executive Officers as a Group (11 persons)[15]** | 10,066,997 | 24.98% |

35.     Additionally, Company insiders currently own large amounts of company options, restricted stock units, and other equity awards, all of which will be exchanged for the merger consideration upon the consummation of the Proposed Transaction, not shared amongst Plaintiff and other public stockholders of the Company, as follows:

| Name | IsoPlexis Stock Options (#) | Value ($)[1] |
|---|---|---|
| *Directors* | | |
| John Conley | 115,881[2] | — |
| James Heath | 92,547[2] | — |
| Gregory Ho | 89,047[2] | — |
| Jason Myers | 112,381[2] | — |
| Nachum Shamir | 158,568[3] | — |
| Daniel Wagner | — | — |
| Adam Wieschhaus | — | — |
| | | |
| *Executive Officers* | | |
| Sean Mackay | 714,600 | — |
| John Strahley | 176,800 | 10,313 |
| Richard Rew | 129,300 | — |
| Jing Zhou | 140,625 | 3,108 |

36.     The Registration Statement also fails to adequately disclose communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is

necessary for Plaintiff to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

37.    Thus, while the Proposed Transaction is not in the best interests of IsoPlexis, Plaintiff or Company stockholders, it will produce lucrative benefits for the Company's officers and directors.

**The Materially Misleading and/or Incomplete Registration Statement**

38.    On January 30, 2023, the IsoPlexis Board and BLI caused to be filed with the SEC a materially misleading and incomplete Registration Statement that, in violation the Exchange Act, failed to provide Plaintiff in his capacity as a Company stockholder with material information and/or provides materially misleading information critical to the total mix of information available to Plaintiff concerning the financial and procedural fairness of the Proposed Transaction.

_Omissions and/or Material Misrepresentations Concerning the Sales Process leading up to the Proposed Transaction_

39.    Specifically, the Registration Statement fails to disclose material information concerning the process conducted by the Company and the events leading up to the Proposed Transaction.  In particular, the Registration Statement fails to disclose:

      a.  Adequate information as to whether a committee of disinterested directors was formed to evaluate the Proposed Transaction. If so, the identity of the directors who sat on the committee and what powers the committee had. If not, the reasoning for failing to create such a committee;

      b.  Whether the confidentiality agreements entered into by the Company with BLI differed from any other unnamed confidentiality agreement entered into

between the Company and an interested third parties;

c.  All specific conditions under which any standstill provision contained in any entered confidentiality agreement entered into between the Company and potentially interested third parties throughout the sales process, including BLI, would fall away; and

d.  Adequate and complete disclosure of communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders.

*Omissions and/or Material Misrepresentations Concerning IsoPlexis' Financial Projections*

40.  The Registration Statement fails to provide material information concerning financial projections for IsoPlexis provided by IsoPlexis management to the IsoPlexis Board, Evercore, and relied upon by Evercore and Cowen in their analyses.  The Registration Statement discloses management-prepared financial projections for the Company which are materially misleading.

41.  Notably the Registration Statement reveals that as part of its analyses, Evercore reviewed "certain internal projected financial data relating to IsoPlexis and furnished to Evercore by the management of IsoPlexis."  Similarly, the Registration Statement reveals that as part of its analyses, Cowen reviewed, "certain internal financial analyses, financial forecasts, reports and other information concerning IsoPlexis prepared by the management of IsoPlexis as adjusted by the management of Berkeley Lights."

42.  The Registration Statement should have, but fails to provide, certain information in the projections that IsoPlexis management provided to the Board, Evercore, and Cowen.  Courts

have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or [] market multiples.  What they cannot hope to do is replicate management's inside view of the company's prospects."  *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

43.  With regard to *IsoPlexis Unaudited Financial Projections* prepared by IsoPlexis, the Registration Statement fails to disclose material line items, including the following:

a.  EBITDA, including any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: operating income, depreciation and amortization, and the specific adjustments made regarding certain non-recurring items, and stock-based compensation;

b.  Unlevered Free Cash Flow, including any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: taxes, capital expenditures, and net change in net working capital.

44.  With regard to *Berkley Lights-Adjusted IsoPlexis Financial Projections* prepared by IsoPlexis, the Registration Statement fails to disclose material line items, including the following:

a.  Gross Profit, including any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: the burden manufacturing overhead in years 2023E through 2027E;

b.  EBIT (after SBC), including any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: earnings before interest and tax, including the burden of stock-based compensation expense, and the burden manufacturing overhead in years 2023E through 2027E.

45.     With regard to *Unlevered Free Cash Flow Projections* for IsoPlexis created by BLI, the Registration Statement fails to disclose material line items, including the following:

      a.   Tax provision, capital expenditures and change in net working capital, and depreciation and amortization

46.     With regard to *Summary of Estimated Cost Synergies* prepared by BLI, the Registration Statement fails to disclose material line items, including any underlying inputs, metrics or assumptions, for the projections related to the following:

      a.   Estimated gross cost synergies; and

      b.   Estimated net impact on cash flow.

47.     The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

48.     The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the various sets of projections rely.

49.     This information is necessary to provide Plaintiff, in his capacity as a Company stockholder, a complete and accurate picture of the sales process and its fairness.  Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

50.     Without accurate projection data presented in the Registration Statement, Plaintiff is unable to properly evaluate the Company's or the pro-forma company's true worth, the accuracy of the financial analyses created by Evercore or Cowen, or make an informed decision whether to vote his shares in favor of the Proposed Transaction.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

*Omissions and/or Material Misrepresentations Concerning BLI's Financial Projections*

51.    The Registration Statement fails to provide material information concerning financial projections for BLI provided by BLI management to the IsoPlexis Board, Evercore, and Cowen and relied upon by Evercore and Cowen in their analyses.  The Registration Statement discloses management-prepared financial projections for BLI which are materially misleading.

52.    Notably the Registration Statement reveals that as part of its analyses, Evercore reviewed "certain projected financial data relating to Berkeley Lights prepared and furnished to Evercore by management of IsoPlexis."  Similarly, the Registration Statement reveals that as part of its analyses, Cowen reviewed, "certain internal financial analyses, financial forecasts, reports and other information concerning Berkeley Lights prepared by the management of Berkeley Lights."

53.    The Registration Statement should have, but fails to provide, certain information in the projections that BLI management provided to the Board, Evercore, and Cowen.  Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors.  Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007)

54.    With regard to *Berkeley Lights Unaudited Financial Projections* prepared by IsoPlexis, the Registration Statement fails to disclose material line items, including the following:

      a.  EBIT (after SBC), including any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: earnings before interest and tax, including the burden of stock-based compensation expense.

55.    With regard to *Unlevered Free Cash Flow Projections* for BLI created by BLI, the

Registration Statement fails to disclose material line items, including the following:

  a.  Tax provision, capital expenditures and change in net working capital, and depreciation and amortization.

56.  With regard to *IsoPlexis-Adjusted Berkley Lights Financial Projections* prepared by IsoPlexis, the Registration Statement fails to disclose material line items, including the following:

  a.  EBITDA, including any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: operating income, depreciation and amortization, and the specific adjustments made regarding certain non-recurring items, and stock-based compensation; and

  b.  Unlevered Free Cash Flow, including any underlying inputs, metrics, and assumptions necessary to calculate this metric, including specifically: taxes, capital expenditures, and net change in net working capital.

57.  With regard to *Summary of Estimated Cost Synergies* prepared by BLI, the Registration Statement fails to disclose material line items, including any underlying inputs, metrics or assumptions, for the projections related to the following:

  a.  Estimated gross cost synergies; and

  b.  Estimated net impact on cash flow.

58.  The Registration Statement also fails to disclose a reconciliation of all non-GAAP to GAAP metrics utilized in the projections.

59.  The Registration Statement also fails to provide the specific bases and adjustments upon which the assumptions underlying the various sets of projections rely.

60.  This information is necessary to provide Plaintiff, in his capacity as a Company

stockholder, a complete and accurate picture of the sales process and its fairness.  Without this information, Plaintiff is not fully informed as to Defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.

61.     Without accurate projection data presented in the Registration Statement, Plaintiff is unable to properly evaluate BLI's or the pro-forma company's true worth, the accuracy of the financial analyses created by Evercore or Cowen, or make an informed decision whether to vote his shares in favor of the Proposed Transaction.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

### *Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Evercore*

62.     In the Registration Statement, Evercore describes its fairness opinion and the various valuation analyses performed to render such opinion.  However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.  Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

63.     With respect to the *Discounted Cash Flow Analysis – IsoPlexis - Standalone*, the Registration Statement fails to disclose:

>    a.   The future equity raise figure utilized, and the inputs and assumptions used to determine it;
>
>    b.   The cost of stock based compensation figure utilized, and the inputs and assumptions used to determine it;
>
>    c.   The certain tax attributes of IsoPlexis based on Tax Attributes Estimates figure utilized, and the inputs and assumptions used to determine it;

d.   The terminal values for IsoPlexis calculated;

e.   The specific inputs, metrics, and assumptions used to determine the utilized perpetuity growth rates of 4.0% to 5.0%;

f.   The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 17.0% to 19.0%;

g.   IsoPlexis's weighted average cost of capital;

h.   IsoPlexis's net debt as of December 31, 2022; and

i.   The number of fully diluted outstanding shares of IsoPlexis common stock as of December 16, 2022.

64.     With respect to the *Discounted Cash Flow Analysis – Berkeley Lights - Standalone*, the Registration Statement fails to disclose:

a.   The cost of stock based compensation of BLI figure utilized, and the inputs and assumptions used to determine it;

b.   The certain tax attributes of BLI figure utilized, and the inputs and assumptions used to determine it;

c.   The terminal values for BLI calculated;

d.   The specific inputs, metrics, and assumptions used to determine the utilized perpetuity growth rates of 4.0% to 5.0%;

e.   The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 17.0% to 19.0%;

f.   BLI's weighted average cost of capital;

g.   BLI's net debt as of December 31, 2022; and

h.   The number of fully diluted outstanding shares of BLI common stock as of

December 16, 2022

65.     With respect to the *Present Value of Future Share Price Analyses - IsoPlexis*, the Registration Statement fails to disclose:

      a.  The specific inputs, metrics, and assumptions used to determine the utilized illustrative enterprise value to NTM revenue multiple range of 1.6x to 2.1x;

      b.  IsoPlexis's estimated net debt as of December 31, 2027;

      c.  The estimated number of fully diluted outstanding shares of IsoPlexis common stock as of December 31, 2027;

      d.  The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 21.0% to 23.0%; and

      e.  IsoPlexis' estimated cost of equity calculated.

66.     With respect to the *Present Value of Future Share Price Analyses – Berkeley Lights*, the Registration Statement fails to disclose:

      a.  The specific inputs, metrics, and assumptions used to determine the utilized illustrative enterprise value to NTM revenue multiple range of 1.6x to 2.1x;

      b.  BLI's estimated net debt as of December 31, 2027;

      c.  The estimated number of fully diluted outstanding shares of BLI's common stock as of December 31, 2027;

      d.  The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 21.0% to 23.0%; and

      e.  BLI's estimated cost of equity calculated

67.     With respect to the *Selected Publicly Traded Companies Analysis*, the Registration Statement fails to disclose:

    a.  The specific TEV/2023E Revenue multiple calculated for each compared company, and the underlying specific inputs, metrics, and assumptions used to calculate these multiples;

    b.  As to *IsoPlexis*:

        i.  The specific inputs, metrics, and assumptions used to determine the utilized TEV/2023E Revenue multiple reference ranges of 1.6x to 2.1x;

        ii.  IsoPlexis's net debt as of December 31, 2022; and

        iii.  The number of fully diluted outstanding shares of IsoPlexis common stock as of December 16, 2022.

    c.  As to *BLI*:

        i.  The specific inputs, metrics, and assumptions used to determine the utilized TEV/2023E Revenue multiple reference ranges of 1.6x to 2.1x;

        ii.  BLI's net debt as of December 31, 2022; and

        iii.  The number of fully diluted outstanding shares of BLI common stock as of December 16, 2022.

68.    With respect to the *Precedent Transactions Analysis*, the Registration Statement fails to disclose:

    a.  The specific TEV/LTM Revenue multiple calculated for each precedent transaction analyzed, and the underlying specific inputs, metrics, and assumptions used to calculate these multiples;

    b.  The specific dates on which each precedent transaction closed;

    c.  The specific value of each precedent transaction;

    d.  As to *IsoPlexis*:

      i.   The specific inputs, metrics, and assumptions used to determine the utilized reference range of TEV/LTM Revenue multiples of 2.4x to 3.4x;

      ii.  IsoPlexis's net debt as of December 31, 2022; and

      iii.  The number of fully diluted outstanding shares of IsoPlexis common stock as of December 16, 2022.

   e.  As to *BLI*:

      i.   The specific inputs, metrics, and assumptions used to determine the utilized reference range of TEV/LTM Revenue multiples of 2.4x to 3.4x;

      ii.  BLI's net debt as of December 31, 2022; and

      iii.  The number of fully diluted outstanding shares of BLI common stock as of December 16, 2022

69.    With respect to the *Analysts' Price Targets – IsoPlexis and Berkeley Lights*, the Registration Statement fails to disclose:

   a.  The specific analyst valuations utilized; and

   b.  The identity of the firms that generated the analyst valuations utilized.

70.    The Registration Statement fails to disclose any material valuation analysis, such as a discounted cash flow analysis, with regard to IsoPlexis, depriving common shareholders of adequate information necessary to determine whether the consideration offered is adequate.

71.    These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

72.    Without the omitted information identified above, Plaintiff is missing critical

information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder.  Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinions and the Board's determination that the Proposed Transaction is in his best interests as a public IsoPlexis stockholder.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

_Omissions and/or Material Misrepresentations Concerning the Financial Analyses by Cowen_

73.    In the Registration Statement, Cowen describes its fairness opinion and the various valuation analyses performed to render such opinion.  However, the descriptions fail to include necessary underlying data, support for conclusions, or the existence of, or basis for, underlying assumptions.  Without this information, one cannot replicate the analyses, confirm the valuations or evaluate the fairness opinions.

74.    With respect to the _Selected Publicly Traded Companies Analyses – IsoPlexis_, the Registration Statement fails to disclose:

      a.  The specific multiples calculated for each compared company analyzed, and the underlying specific inputs, metrics, and assumptions used to calculate these multiples;

      b.  The specific inputs, metrics, and assumptions used to determine the following utilized reference ranges:

          i.  CY 2023 Estimated Revenue range of 2.00x to 6.65x;

          ii.  CY 2024 Estimated Revenue range of 1.50x to 5.25x; and

          iii.  CY 2025 Estimated Revenue range of 1.50x to 4.25x.

75.     With respect to the *Selected Publicly Traded Companies Analyses – Berkeley Lights*, the Registration Statement fails to disclose:

   a.  The specific multiples calculated for each compared company analyzed, and the underlying specific inputs, metrics, and assumptions used to calculate these multiples;

   b.  The specific inputs, metrics, and assumptions used to determine the following utilized reference ranges:

      i.   CY 2023 Estimated Revenue range of 2.00x to 6.65x;

      ii.  CY 2024 Estimated Revenue range of 1.50x to 5.25x; and

      iii. CY 2025 Estimated Revenue range of 1.50x to 4.25x.

76.     With respect to the *Discounted Cash Flow Analysis – IsoPlexis*, the Registration Statement fails to disclose:

   a.  The specific cost savings figure utilized, and the inputs and assumptions used to determine it;

   b.  The terminal values for IsoPlexis calculated;

   c.  The specific inputs, metrics, and assumptions used to determine the utilized range of terminal revenue multiples of 3.00x to 5.00x; and

   d.  The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 13.25% to 17.25%.

77.     With respect to the *Discounted Cash Flow Analysis – BLI*, the Registration Statement fails to disclose:

   a.  The specific potential net operating loss carryforwards figure utilized, and the inputs and assumptions used to determine it;

b.   The terminal values for BLI calculated;

c.   The specific inputs, metrics, and assumptions used to determine the utilized range of terminal revenue multiples of 3.00x to 5.00x; and

d.   The specific inputs, metrics, and assumptions used to determine the utilized discount rate range of 19.25% to 23.25%

78.   The Registration Statement fails to disclose any material valuation analysis, such as a discounted cash flow analysis, with regard to IsoPlexis, depriving common shareholders of adequate information necessary to determine whether the consideration offered is adequate.

79.   These disclosures are critical for Plaintiff to be able to make an informed decision on whether to vote in favor of the Proposed Transaction.

80.   Without the omitted information identified above, Plaintiff is missing critical information necessary to evaluate whether the proposed consideration truly maximizes his value and serves his interest as a stockholder.  Moreover, without the key financial information and related disclosures, Plaintiff cannot gauge the reliability of the fairness opinions and the Board's determination that the Proposed Transaction is in his best interests as a public IsoPlexis stockholder.  As such, the Board has violated the Exchange Act by failing to include such information in the Registration Statement.

## FIRST COUNT

## Violations of Section 14(a) of the Exchange Act

## (Against All Defendants)

81.   Plaintiff repeats all previous allegations as if set forth in full herein.

82.   Defendants have disseminated the Registration Statement with the intention of soliciting stockholders, including Plaintiff, to vote in favor of the Proposed Transaction.

83. Section 14(a) of the Exchange Act requires full and fair disclosure in connection with the Proposed Transaction. Specifically, Section 14(a) provides that:

It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

84. As such, SEC Rule 14a-9, 17 C.F.R. 240.14a-9, states the following:

No solicitation subject to this regulation shall be made by means of any Registration Statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.

85. The Registration Statement was prepared in violation of Section 14(a) because it is materially misleading in numerous respects and omits material facts, including those set forth above. Moreover, in the exercise of reasonable care, Defendants knew or should have known that the Registration Statement is materially misleading and omits material facts that are necessary to render them non-misleading.

Case 1:23-cv-00899-KPF   Document 1   Filed 02/02/23   Page 27 of 29

86.     The Individual Defendants had actual knowledge or should have known of the misrepresentations and omissions of material facts set forth herein.

87.     The Individual Defendants were at least negligent in filing a Registration Statement that was materially misleading and/or omitted material facts necessary to make the Registration Statement not misleading.

88.     The misrepresentations and omissions in the Registration Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to decide whether to vote his shares in favor of the Proposed Transaction on the basis of complete information if such misrepresentations and omissions are not corrected prior to the stockholder vote regarding the Proposed Transaction.

## SECOND COUNT

## Violations of Section 20(a) of the Exchange Act

## (Against all Individual Defendants)

89.     Plaintiff repeats all previous allegations as if set forth in full herein.

90.     The Individual Defendants were privy to non-public information concerning the Company and its business and operations via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board meetings and committees thereof and via reports and other information provided to them in connection therewith.  Because of their possession of such information, the Individual Defendants knew or should have known that the Registration Statement was materially misleading to Plaintiff in his capacity as a Company stockholder.

91.     The Individual Defendants were involved in drafting, producing, reviewing and/or disseminating the materially false and misleading statements complained of herein.  The Individual Defendants were aware or should have been aware that materially false and misleading statements

were being issued by the Company in the Registration Statement and nevertheless approved, ratified and/or failed to correct those statements, in violation of federal securities laws.  The Individual Defendants were able to, and did, control the contents of the Registration Statement. The Individual Defendants were provided with copies of, reviewed and approved, and/or signed the Registration Statement before its issuance and had the ability or opportunity to prevent its issuance or to cause it to be corrected.

92.     The Individual Defendants also were able to, and did, directly or indirectly, control the conduct of IsoPlexis's business, the information contained in its filings with the SEC, and its public statements.  Because of their positions and access to material non-public information available to them but not the public, the Individual Defendants knew or should have known that the misrepresentations specified herein had not been properly disclosed to and were being concealed from Plaintiff and Company, and that the Registration Statement was misleading.  As a result, the Individual Defendants are responsible for the accuracy of the Registration Statement and are therefore responsible and liable for the misrepresentations contained herein.

93.     The Individual Defendants acted as controlling persons of IsoPlexis within the meaning of Section 20(a) of the Exchange Act.  By reason of their position with the Company, the Individual Defendants had the power and authority to cause IsoPlexis to engage in the wrongful conduct complained of herein.  The Individual Defendants controlled IsoPlexis and all of its employees.  As alleged above, IsoPlexis is a primary violator of Section 14 of the Exchange Act and SEC Rule 14a-9.  By reason of their conduct, the Individual Defendants are liable pursuant to section 20(a) of the Exchange Act.

WHEREFORE, Plaintiff demands injunctive relief, in his favor and against the Defendants, as follows:

A.      Enjoining the Proposed Transaction;

B.      In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to exercise their fiduciary duties to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury on all issues which can be heard by a jury.

Dated: February 2, 2023

**BRODSKY & SMITH**

By: _____

Evan J. Smith
240 Mineola Boulevard
Mineola, NY  11501
Phone:  (516) 741-4977
Facsimile (561) 741-0626

*Counsel for Plaintiff*